UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JARRON PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 19-cv-1355-MMM |
| ) | |
| MICHAEL MELVIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action for deliberate indifference to his serious medical needs, inhumane conditions of confinement and retaliation at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On May 29, 2017, Plaintiff was seen in nursing sick call by Defendant Nurse Sherry Powers. Plaintiff complained of left ear pain of an unspecified duration. Plaintiff indicates that Defendant Powers examined him and saw a bug in his ear. Defendant indicated that she would refer Plaintiff to a physician so that the bug could be removed within 72 hours. The significance of the 72-hour timeframe is unknown. When Plaintiff was not timely seen, he filed an

emergency grievance which was reviewed by Defendant Grievance Officer Simpson. Defendant Simpson also reviewed a statement from Defendant Nursing Director Williamson who claimed that Plaintiff had twice refused treatment to the affected ear. Plaintiff denies having refused treatment.

Plaintiff claims that Defendant Simpson denied the grievance and after that, he received no related medical treatment. Plaintiff continued to request treatment, allegedly submitting 18 sick call requests. On an unidentified date, Defendant Powers asked Plaintiff if he had learned his lesson about filing grievances. She then gave Plaintiff earwax removal medication but no pain medication.

On August 26, 2017, Plaintiff was seen by in the healthcare unit and his ears were flushed out. Plaintiff does not indicate, however, by whom this was done or whether a bug was found. On August 31, 2017, Plaintiff was seen by Doctor "O," not a party, who diagnosed Plaintiff with an ear infection and prescribed antibiotic ear drops and pain medication.

Plaintiff alleges that he went 93 days without treatment and, as a result, suffered an ear infection which has caused him to lose hearing in his left ear. He alleges that Defendant Melvin is liable for the conditions of confinement in which a bug allegedly crawled into his ear. He asserts that Defendants Powers, Hansen, Melvin, Simpson, Williamson and Vinson were deliberately indifferent to his serious medical needs. He also claims that Defendants Vinson Powers and Hansen "lied" when they produced forms allegedly signed by Plaintiff refusing medical treatment on two occasions, and did so in retaliation for his having filed the emergency grievance.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

Here, Plaintiff states a colorable claim that Defendant Nurse Powers was deliberately indifferent when she did not schedule him to be timely seen to have the bug removed from his ear and did not provide him pain medication. He offers nothing to support, however, that Defendants Hansen, Melvin, Simpson, Williamson or Vinson were deliberately indifferent to his serious medical needs. This, particularly, as Defendants Melvin, Simpson and Vinson were not medical personnel. While Defendants Hansen and Williamson were a medically trained physician and nurse, Plaintiff does not allege that either was aware of his serious medical need and deliberately indifferent in the face of it.

Plaintiff also fails to state an inhumane conditions of confinement claim against Defendant Melvin merely because a bug became lodged in Plaintiff's ear. Plaintiff does not claim, for instance, that there was a bug infestation at Pontiac which invariably led to this result. The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Rhodes v. Chapman,* 452 U.S. 337, 347, 349 (1981). "[F]ailing to

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

Here, Plaintiff states a colorable claim that Defendant Nurse Powers was deliberately indifferent when she did not schedule him to be timely seen to have the bug removed from his ear and did not provide him pain medication. He offers nothing to support, however, that Defendants Hansen, Melvin, Simpson, Williamson or Vinson were deliberately indifferent to his serious medical needs. This, particularly, as Defendants Melvin, Simpson and Vinson were not medical personnel. While Defendants Hansen and Williamson were a medically trained physician and nurse, Plaintiff does not allege that either was aware of his serious medical need and deliberately indifferent in the face of it.

Plaintiff also fails to state an inhumane conditions of confinement claim against Defendant Melvin merely because a bug became lodged in Plaintiff's ear. Plaintiff does not claim, for instance, that there was a bug infestation at Pontiac which invariably led to this result. The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Rhodes v. Chapman,* 452 U.S. 337, 347, 349 (1981). "[F]ailing to

provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). The happening of such an isolated incident is insufficient to plead liability on the part of Defendant Melvin.

Plaintiff also claims that Defendants Powers, Hansen and Vinson lied when they claimed that Plaintiff had signed treatment refusal forms and did so in retaliation for his filing a grievance. To establish First Amendment retaliation, however, Plaintiff must allege, in part, that the grievance was at least a motivating factor in the Defendants' actions. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Plaintiff does not assert that anyone, save Nurse Powers, was aware that he had filed a grievance. As a result, this claim shall go forward as to Nurse Powers only.

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed solely on the deliberate indifference and retaliation claims against Defendant Powers. The conditions of confinement claim is DISMISSED. Defendants Hansen, Melvin, Simpson, Williamson and Vinson are DISMISSED. Plaintiff will be given 30 days, however, to replead any dismissed claims. If he does so, the pleading is to be captioned First Amended Complaint and is to contain all of his claims without reference to a prior pleading. Absent that, any claims not identified herein will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.       Plaintiff files [4], a motion for recruitment of pro bono counsel, asserting that he has ADHD and no knowledge of civil rights law. Plaintiff does not indicate, however, that he

attempted to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel. [4] is DENIED.

3. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendant shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.  Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.  Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.  Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

2/6/2020
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE